IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA SEIBLES, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 3:CV-13-697 |
| | : | |
| WARDEN J. E. THOMAS, | : | (Judge Brann) |
| | : | |
| Respondent | : | |

## **MEMORANDUM**

May 5, 2014

**Background**

Joshua Seibles, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is USP-Lewisburg Warden J. E. Thomas. Service of the Petition was previously ordered.

Petitioner states that he entered a guilty plea to multiple firearm and drug related charges in the United States District Court for the District of South Carolina. He was subsequently sentenced to serve a 151 month term of confinement on January 27, 2009. See Doc. 1, ¶ 3. See id. The Petition acknowledges that Seibles did not pursue either a direct appeal or seek collateral

1

relief pursuant to 28 U.S.C. § 2255.

Petitioner's present action does not challenge the legality of his guilty plea or the sentence imposed. Rather, his Petition claims entitlement to federal habeas corpus relief on the grounds that the Federal Bureau of Prisons (BOP) has "failed to properly credit" his federal sentence with time spent in prior confinement. See id. at ¶ 9. Specifically, Seibles contends that the BOP refused to provide him with federal sentence credit for a period of pre-sentence custody which he served in a state correctional facility as the result of a federal detainer. See id. at ¶ 15.

Seibles also indicates that a 120 month portion of his federal sentence should be deemed as having been served concurrently to his South Carolina state sentences.[1] Specifically, Petitioner maintains that the BOP should give him a federal sentence credit of 2 years, 11 months, and 29 days for spent in a South Carolina county correctional facility (from April 2, 2007 to April 1, 2010).

According to Respondent, Petitioner was arrested by local law enforcement officials in South Carolina on April 2, 2007 on state charges of grand larceny and burglary. Although those charges were later dismissed in lieu of his federal prosecution, Petitioner remained in custody because of a South Carolina state probation violation. See Doc. 6, p. 2.

---

[1] Petitioner states that his federal conviction also constituted a violation of his state probation.

On May 1, 2007, Petitioner was temporarily transferred into federal custody pursuant to a writ of habeas corpus ad prosequendum. See Doc. 6-1, Attachments 2-3. Respondent does not state how long this temporary federal detention lasted. However, Seibles was sentenced in the Court of General Sessions for Richland County, South Carolina to serve a 6 month term of imprisonment for assaulting a corrections officer on March 1, 2008. Petitioner received a second Richland County sentence on June 6, 2008 (3 years for probation violation).

Thereafter, Seibles was sentenced to a 151 month term of imprisonment in the United States District Court for the District of South Carolina on January 7, 2009. According to Respondent, the federal sentence 'was silent regarding its relationship to any impending state sentence." Doc. 6, p. 3. Following his federal sentencing, Petitioner was returned to the custody of Richland County officials. See id.

On June 25, 2009, Petitioner was sentenced in the Court of General Sessions for Kershaw County, South Carolina to serve a one year sentence for an escape that occurred from their custody on February 23, 2008.[2] Respondent next states that Seibles was paroled from South Carolina state custody on April 1, 2010. However, for logistical reasons Petitioner was taken into federal custody

---

[2] Respondent notes that Petitioner was recaptured 4 days after his escape.

and began serving his federal sentence on March 31, 2010.

Respondent acknowledges that with respect to the computation of his federal sentence, "Seibles received no prior custody credit" because all time spent in custody from the date of his April 2, 2007 arrest on state charges to his March 31, 2010 transfer from state to federal custody was credited towards service of his South Carolina state sentences. Id. at p. 4. The Respondent adds that the BOP contacted Petitioner's federal sentencing court regarding a nunc pro tunc concurrent designation and was advised by the District Court for the District of South of Carolina that it was opposed to such a designation. Based upon those factors, Respondent concludes that there is no basis for federal habeas corpus relief.

**Discussion**

Title 28, United States Code § 2241, vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

Based upon the nature of Seibles' pending claim that his federal criminal sentence has not been properly calculated, this matter is properly brought under § 2241. Second, as noted earlier there is no contention by Respondent that Petitioner has not exhausted his administrative remedies or that his action was untimely filed. Accordingly, the merits of Petitioner's claims will be addressed.

**Pre-Sentence Confinement**

The parties concur that Petitioner was arrested by local law enforcement officials in South Carolina on April 2, 2007 on state charges of grand larceny and burglary. Those charges were later dismissed in lieu of his federal prosecution. However, Seibles remained in custody because of a South Carolina state probation violation. It is undisputed that on May 1, 2007, Petitioner was temporarily transferred into federal custody pursuant to a writ of habeas corpus <u>ad prosequendum</u>. <u>See</u> Doc. 6-1, Attachments 2-3. During this time period, the Petitioner had state ongoing state court proceedings including his March 18, 2008 and June 6, 2008 Richland County sentencings. After his January 27, 2009 federal sentencing, Seibles was again returned to state custody where he remained until March 31, 2010 when he began service of his federal sentence.

Petitioner's pending action seeks credit against his federal sentence for the period of April 2, 2007 to April 1, 2010. It is initially noted that Seibles is clearly not entitled to credit for the four (4) day period following his escape from the

custody of Kershaw County which occurred on February 23, 2008 and lasted until February 27, 2008.

Ad prosequendum writs do not constitute a transfer to federal custody. United States v. Vega, 493 F.3d 310, 314 (3d Cir. 2007).  A prisoner is only entitled to credit against his federal sentence for a period of time spent in federal detention pursuant to a writ of habeas corpus ad prosequendum "unless and until the first sovereign relinquishes jurisdiction over the prisoner."   Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000).

There is no assertion by Seibles that the State of South Carolina relinquished jurisdiction during any pre-federal sentence period of federal detention.  On the contrary, Respondent maintains that during that relevant time period, Petitioner remained available for state court proceedings .  An argument which is substantiated by the undisputed facts which show that during that time frame, Petitioner was the subject of two separate state prosecutions.  Seibles was also returned to state custody prior to his January 27, 2009 federal sentencing as established by his February 23, 2008 escape from the custody of Kershaw County.[3]

---

[3] It is unclear from the record as to how much time Seibles actually spent in federal detention as a result of the writ of habeas corpus ad prosequendum.  However, that issue does not require resolution since it is apparent that South Carolina never relinquished jurisdiction over Seibles.

Furthermore, the amount of time which could be encompassed by the writ of habeas corpus ad prosequendum was credited towards service of Petitioner's state sentences, thus, precluding any entitlement to federal sentence credit under Rios.  See Graham v. Zickefoose, 2013 WL 1786332 *5(D.N.J. April 25, 2013) (BOP cannot grant credit "against a federal sentence for time that has been credited against defendant's state sentence, even though the defendant was writted to the control of federal authorities while awaiting federal trial").

Credit against a federal sentence can also attach when "a federal detainer is the exclusive reason for an inmate's pretrial confinement."  United States v. Blankenship, 733 F.2d 433, 434 (6th Cir. 1984) (emphasis in original);  Boniface v. P.M. Carlson, 856 F.2d 1434, 1436 (9th Cir. 1988).  Similarly, 18 U.S.C. § 3585(b) provides that a federal prisoner shall be given credit towards service of a term of imprisonment for any time spent in official detention, prior to the date his/her sentence commences, which has not been credited towards service of another sentence.  Section 3585(b) generally prohibits an award of double credit, in other words, a habeas petitioner may not receive credit on a federal sentence for time that has already been credited against a state sentence. [4]  See Chambers v.

---

[4] § 3585.  Calculation of a term of imprisonment

(b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term

Holland, 920 F. Supp. 618, 623 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996).

Federal prisoners are not entitled to prior custody time credit towards service of their federal sentence for periods of time spent in state custody unless the time was **not** credited towards their state sentence. United States v. Grimes, 641 F.2d 96, 99 (3d Cir. 1981); see also Doyle v. Department of Justice, 1995 WL 412406 *7 (E.D. Pa. July 7, 1995).

As discussed above, Respondent has established that all of Petitioner's pre-trial detention following his April 2, 2007 arrest was credited towards service of his state sentences and as such the BOP acted properly in not awarding Petitioner double credit for any detainer-related period of pre-federal sentence confinement. See Doc. 6, Exhibit 1, Attachments 1, ¶ 9; 9; 14; and 15.

**Concurrent Sentence**

---

> of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Generally speaking, a federal sentence does not commence until the Attorney General of the United States receives the defendant into custody for service of his or her sentence. United States v. Pungitore, 910 F.2d 1084, 1118-19 (3d Cir. 1990). 18 U.S.C. § 3585(a) provides:

> (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

Accordingly, the BOP acted properly in determining that service of Petitioner's federal sentence commenced on March 31, 2010 the date he was transferred into federal custody following his release on probation from his South Carolina state incarceration.

Petitioner's final claim is similar to the situation addressed in Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991). In Barden, the BOP had refused to consider an inmate's request that his prior place of confinement, a state prison, be designated nunc pro tunc as the place of service of his federal sentence, thereby making the two sentences concurrent. Holding that the BOP had the statutory authority to make such a designation, the United States Court of Appeals for the Circuit Court granted habeas relief by directing that the BOP exercise the discretion the statute afforded.

As recognized in Barden, § 3621(b) grants the BOP authority to designate a state prison as the place of service of a federal inmate's sentence. "Barden does not authorize the BOP to award credit for time spent in state custody prior to the imposition of a federal sentence." [5] Gonzalez v. Hawke, 2006 WL 2465307 * 6 (D.N.J. Aug. 21, 2006). Moreover, "concurrent sentences imposed by state judges are nothing more than recommendations to federal officials." Sheika v. BOP, 2007 WL 576346 *4 (D.N.J. Feb. 20, 2007)(the BOP's failure to adhere to a state sentencing order was not an abuse of discretion.)

In United States v. Randolph, 80 Fed. Appx. 190, 195-96 (3d Cir. Oct. 20, 2003) the Third Circuit stated that if the federal sentencing court does not address the issue of concurrence, federal and state terms of imprisonment imposed at different times must be served consecutively unless the prisoner can convince the BOP to award nunc pro tunc designation.

In the present case, all time served by Seibles in the State of South Carolina correctional system has been credited towards service of his state sentences. In accordance with Barden, the BOP considered an administrative request by

---

[5] The United States Court of Appeals for the Third Circuit has recognized that there is a split among the circuit courts regarding the issue of whether a federal sentence can be ordered to run consecutively or concurrently to a state sentence not yet imposed. Sloan v. United States, 2006 WL 1453122 *4 (W.D. Pa. May 25, 2006).

Petitioner as being one for nunc pro tunc designation. In response, the BOP sent a request to the federal sentencing court which responded by stating that it was opposed to a concurrent designation. See Doc. 6-1, Attachment 15.

"The designation of a state institution for service of a federal sentence must be consistent with the intent of the federal sentencing court, or consistent with the goals of the criminal justice system." Sheika v. BOP, 2007 WL 576346 *3 (D.N.J. Feb. 20, 2007). Since the BOP denied the nunc pro tunc designation request based upon a negative recommendation received from the federal sentencing court (Doc. 6-1, Attachment 14), there is no basis for a determination that the BOP abused its discretion in denying Seibles' request for nunc pro tunc designation. Accordingly, there is no grounds for federal habeas corpus relief.

**Conclusion**

Petitioner is not entitled to credit for the period of pretrial confinement served in the State of South Carolina because: (1) writ ad prosequendum was not a relinquishment of custody by the State of South Carolina, which was Petitioner's primary custodian; (2) a federal detainer was not the exclusive reason for Seibles' federal pre-trial confinement; (3) all federal pre-sentence confinement serve by Petitioner was credited towards service of his South Carolina state sentences.

Based upon a review of the record there is no evidence upon which to

11

conclude that Petitioner's federal sentence was to run concurrently with his state sentences or that the BOP improperly failed to conclude that his South Carolina state prison be given a <u>nunc</u> <u>pro</u> <u>tunc</u> designation as the place of service of his federal sentence. Accordingly, the petition for writ of habeas corpus will be denied. An appropriate order will enter.[6]

                BY THE COURT:

                <u>s/Matthew W. Brann</u>
                Matthew W. Brann
                United States District Judge

---

[6] It is the obligation of this Court to ensure that Seibles is given proper sentence credit for every day of his confinement. In the event Petitioner can present facts showing that he has not received credit for time spent imprisoned, he may file a motion for reconsideration within fourteen (14) days of the date of this Order.